IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CINDY DAVIS,**
*on behalf of John Gue, Deceased,*

    Plaintiff,

 v.

**UNITED STATES OF AMERICA**

    Defendant.

Case No. 2:19-cv-888

**Judge James L. Graham**

**Magistrate Judge Kimberly A. Jolson**

### OPINION AND ORDER

This matter is before the Court on Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative for Failure to State a Claim. (ECF No. 15.) For the reasons that follow, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

The following factual allegations are taken from Plaintiff Cindy Davis's Complaint (ECF No. 1) and accepted as true for purposes of this motion.

Plaintiff is the executrix of the estate of John Gue, a United States Marine Corps veteran. (Compl. ¶ 3.) Gue served in the Marine Corps from 1969 to 1971. (*Id.* at ¶ 5.) While serving in the Marine Corps, Gue was exposed to Agent Orange. (*Id.* at ¶ 6.) Plaintiff claims Gue suffered from its effects for the remainder of life. (*Id.*)

In March of 2003, Gue suffered a seizure and dislocated both of his shoulders. (*Id.* at ¶ 9.) He was initially treated at Mercy Hospital in Cincinnati, Ohio and later transferred to the Veterans Affairs Hospital for further treatment. (*Id.* at ¶¶ 8, 10.)

On June 3, 2003, Gue suffered another seizure while at the VA Hospital and complained of pain while breathing. (*Id.* at ¶¶ 11–12.) Plaintiff alleges that Gue had several broken ribs. (*Id.*)

1

On June 25, 2003, Gue underwent surgery to repair the shoulder damage he suffered in March. (*Id.* at ¶ 13.) Gue died fourteen years later on July 2, 2017. (*Id.* at ¶ 14.)

According to Plaintiff, Gue's July 6, 2017 autopsy revealed that his immediate cause of death was diffuse alveolar damage of the lungs, which caused respiratory failure. (*Id.* at ¶ 15.) The autopsy's finding included vague hyaline membranes and extensive hemorrhage. (*Id.*)

Plaintiff alleges that Gue's cited ailments included: a) chronic post-traumatic stress disorder (PTSD); b) myocardial infarction; c) hyperlipidemia; d) osteoarthritis; and e) permanent atrial fibrillation and seizures. (*Id.* at ¶ 16.)

Plaintiff claims that Gue was treated for these ailments at the VA Hospital. (*Id.* at ¶ 18.)

Plaintiff also claims that Gue's autopsy report outlined the following medical procedures: a) colectomy; b) abdominal wall defect repair; c) shoulder replacement (bilateral); d) open reduction internal fixation of the humerus; and e) hernia repair. (*Id.* at ¶ 17.)

On September 13, 2017, Plaintiff filed a Standard Form 95 (SF-95), *Claim for Damage, Injury, or Death,* with the Department of Veterans Affairs, claiming that the VA Hospital failed to properly recognize and timely treat Gue for injuries sustained during his military service, and that this failure led to his untimely death. (*Id.* at ¶ 20.)

On May 7, 2018, the Department of Veterans Affairs rejected Plaintiff's claim, because "there was no negligent or wrongful act on the part of an employee of the DVA, acting within the scope of his or her employment." (*Id.* at ¶ 21.)

Plaintiff claims that pursuant to 28 U.S.C. § 1346(b), the Department of Veterans Affairs may be held liable for Gue's injury and death by the negligent or wrongful act or omission of any agency employee while acting within the scope of his or her office or employment. (*Id.* at ¶ 25.)

Plaintiff first filed her Complaint against the Secretary of the Department of Veterans Affairs in the U.S. District Court for the District of Columbia characterizing this action as an action seeking judicial review of the VA decision denying her claim.

The Government filed an unopposed motion to transfer the action to the Southern District of Ohio. (ECF No. 9.) The District of Columbia substituted the United States of America as the defendant in this action and transferred the case to this Court. (ECF No. 10.)

On April 3, 2019, the United States filed the instant motion to dismiss. In her response in opposition, Plaintiff characterizes her claim as a "medical malpractice cause of action." (ECF No. 25 at 109.) The Government's motion is fully briefed and ripe for adjudication.

## II.    STANDARD OF REVIEW

Defendant United States of America moves to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. The Government facially attacks Plaintiff's Complaint, and the Court must therefore take all of the allegations in Plaintiff's Complaint as true. *O'Bryan v. Holy See,* 556 F.3d 361, 376 (6th Cir. 2009). If Plaintiff's allegations establish a federal claim, then jurisdiction exists. *Id.* On the other hand, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (quoting *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005)).

Alternatively, the Government moves to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should

construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007); *Twombly,* 550 U.S. at 555–56.

### III. DISCUSSION

Plaintiff brings her claim under the Federal Tort Claims Act. The FTCA's express terms "do[] not create a cause of action against the United States." *Myers v. United States*, 17 F.3d 890, 894 (6th Cir. 1994) (citing *Howell v. United States,* 932 F.2d 915, 917 (11th Cir. 1991)). Rather, the FTCA provides a limited waiver of sovereign immunity for personal injury or death caused by the tortious conduct of any government employee acting within the scope of his or her employment to the extent that a private party would be liable under state law. *See* 28 U.S.C. § 1346(b)(1).

The Government first moves to dismiss on the basis that Plaintiff has failed to allege that a federal employee committed a negligent or wrongful act or omission that proximately caused Gue's death, and as a result, this Court lacks subject-matter jurisdiction over Plaintiff's FTCA claim. The Court agrees.

Plaintiff's Complaint accuses the VA of negligent medical care over the course of several decades and claims that the VA's negligence led to Gue's death. But the FTCA confers jurisdiction only to the extent that an "alleged breach of duty is tortious under state law, or when the Government has breached a duty under federal law that is analogous to a duty of care recognized by state law." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) (cleaned up). Since the alleged negligent act or omission occurred in Ohio, Ohio law applies to Plaintiff's claim. *United States v. Neustadt*, 366 U.S. 696, 705, n.15 (1961) (quoting 28 U.S.C. § 1346(b)) ("[T]he liability of the Government must be determined 'in accordance with the law of the place where the act or omission occurred.'")

4

Under Ohio law, the elements of a medical malpractice claim are: "(1) the existence of a standard of care within the medical community, (2) the defendant's breach of that standard of care in failing to provide treatment in conformity with that standard, and (3) proximate cause between the medical negligence and the injury." *Everhart v. Coshocton Cnty. Mem'l Hosp.*, 2013-Ohio-2210, ¶ 40 (Ohio Ct. App. 2013).

Here, aside from conclusory allegations regarding the VA's liability, Plaintiff has failed to allege any facts that would support the proposition that any VA employee, acting within the scope of his or her employment, breached the applicable standard of care and thereby proximately caused Gue's death.

Plaintiff's Complaint is missing several key elements of a medical malpractice claim under Ohio law and is a formulaic recitation of the FTCA, tendering "naked assertion[s] devoid of further factual enhancement" that fails to "raise a right to relief above the speculative level." *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 556. In short, Plaintiff has not plausibly alleged that Gue's death was "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

As the FTCA's limited waiver of sovereign immunity only applies to personal injury or death caused by an alleged breach of the applicable standard of care by a government employee, this Court lacks subject-matter jurisdiction matter over Plaintiff's claim, and Plaintiff's FTCA claim is dismissed pursuant to Rule 12(b)(1).

Alternatively, even if this Court had jurisdiction over Plaintiff's claim, Plaintiff has failed to plead sufficient factual content from which the Court could plausibly infer that any VA employees, acting within the scope of their employment, proximately caused Gue's death. The Court would therefore also dismiss Plaintiff's FTCA claim pursuant to Rule 12(b)(6).

IV.     **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative for Failure to State a Claim. (ECF No. 15.)  Plaintiff's Complaint is **DISMISSED** for lack of subject-matter jurisdiction.

The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

    /s/ James L. Graham
    JAMES L. GRAHAM
    United States District Judge

DATE: July 23, 2021